HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel: 908-393-5662

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------x
EUGENE ASHTON,

                        Plaintiff,

  -against-                                 **COMPLAINT - CIVIL AND**
                                                   **ADMIRALTY IN REM**

HARLEY MARINE NY and the
CHRESTENSEN SEA, in REM.

                        Defendants.
-------------------------------------------------------x

## JURY TRIAL DEMANDED

Plaintiff, EUGENE ASHTON, claims of the defendants damages upon the following causes of action:

## PARTIES AND FACTUAL STATEMENTS

1. Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

2. Defendant, HARLEY MARINE NY, was and still is a corporation doing business in the state in which this District Court sits.

3. The jurisdiction of this Court over this case arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333.  Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's

-1-

right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under *Fitzgerald v. United States Lines Company*, 374 U.S. 16 (1963).

4. The incident underlying the causes of action asserted herein occurred on the M/V CHRESTENSEN SEA (hereinafter, "the vessel").

5. At all times material hereto HARLEY MARINE NY, owned the vessel.

6. At all times material hereto, HARLEY MARINE NY, possessed the vessel.

7. At all times material hereto, HARLEY MARINE NY, managed the vessel.

8. At all times material hereto, HARLEY MARINE NY, operated the vessel.

9. At all times material hereto, HARLEY MARINE NY, controlled the vessel.

10. At all times material hereto, HARLEY MARINE NY, was the vessel's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

11. The vessel presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

12. Throughout his employment, plaintiff was in the employ of the answering defendants as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

13. Plaintiff spent more than 30% of his time in service to the vessel.

14. Regularly plaintiff assisted in the movement of the vessel and its carriage of men, materials and equipment.

15. At all times during his employment, plaintiff contributed to the function of the vessel and the accomplishment of its mission.

16. Plaintiff's employment was connected to the vessel and was substantial in terms of duration and nature.

17. Plaintiff's employment was connected to the vessel and the nature of his work was substantially related to the accomplishment of the mission, objectives and work of the vessel.

### FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

18. Plaintiff adopts each and every one of the allegations made above, as if fully stated herein.

19. On or about January 27, 2018 while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, was caused to sustain serious and permanent injuries as discovery will reveal and/or as more specifically set forth hereunder. because of the unsafe and unseaworthy condition of the vessel and because of defendant's violation of the Jones Act.

20. On or about January 27, 2018, while the vessel was in navigable waters, and while in the course of his employment, and with the consent and knowledge of the defendants, while the plaintiff was performing labors in furtherance of the vessel's owners' business plaintiff was caused to suffer serious and permanent injuries, more fully set forth herein.

21. The defendants, their agents, employees, and/or representatives had a

non-delegable duty to provide the plaintiff with a safe place to work.

22. Plaintiff's injuries were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants, workmen and employees, by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, and treatment to the plaintiff following the accident that caused his injuries.

23. Mr. Ashton was seriously and permanently injured as a result of tripping and falling over equipment and/or appurtenances that had been negligently placed on the deck of the barge; the said equipment and/or appurtenances were negligently placed in such a way so as to constitute tripping hazards for all individuals working on the barge, and for Mr. Ashton, specifically.  As a result of the negligent placement of this equipment and/or appurtenances, Mr. Ashton was caused to trip, fall and become injured.   Further, the negligent placement of said equipment and/or appurtenances made it impossible for Mr. Ashton to properly, adequately, and safely perform his assigned duties, without sustaining an injury.

24. Solely by reason of the negligence, carelessness and recklessness of the defendants, and because of the unseaworthiness of the vessel as set forth below, plaintiff sustained permanent injuries that include but are not limited to lower back injuries aggravations and/or exacerbations of pre-existing conditions; he sustained other internal injuries, the full extent of which are not yet known; he sustained severe injuries and shock; he has in the past required and will in the future require medical treatment, care and attention including but not limited to

several lumbar epidural steroid injections with fluoroscopy; several lumbar facet joint injections with fluoroscopy at L4-L5; he has been recommended possible surgery including but not limited to nerve ablation in the lumbar spine; he has in the past been and will in the future be obliged to expend monies for medical care, equipment and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; and has in the past, and will in the future, suffer a loss of earnings.

25. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact, an amount greater than all jurisdictional limits.

## SECOND CAUSE OF ACTION - UNSEAWORTHINESS

26. Plaintiff adopts each and every one of the allegations made above as if fully stated herein.

27. On or about January 27, 2018 while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel, was caused to sustain serious and permanent injuries more specifically set forth in this complaint and as discovery will reveal.

28. On or about January 27, 2018 while the vessel was in navigable waters, and while plaintiff was in the course of his employment, acting pursuant to orders performing his assigned duties with the consent and knowledge of the defendants, and performing labors in furtherance of the vessel's owners' business,

plaintiff was caused to suffer serious and permanent injuries as more fully set forth below, and as discovery will reveal, due to the unseaworthiness of the vessel.

29. On or about January 27, 2018 the vessel was unseaworthy in various aspects, including but not limited to the fact that it was not fit for its intended purposes; equipment and/or appurtenances on the deck of the barge had been negligently placed so as to constitute tripping hazards for individuals working on the barge, and for Mr. Ashton, specifically; as a result of this negligence Mr. Ashton was caused to trip, fall and become injured; further, the negligent placement of the said equipment and/or appurtenances made it impossible for Mr. Ashton to properly, adequately, and safely perform his assigned duties without sustaining injury. The defendants failed to act reasonably under the circumstances and/or to properly and safely instruct the plaintiff, and/or to warn the plaintiff and those similarly situated of the existence of the hazards, and/or to post warning signs, cones, flags or other warning measures aboard the vessel relative to the hazards on the deck where plaintiff was required to perform his assigned duties. Further, the defendants failed to remedy and/or remediate hazards that they created and/or knew about and/or reasonably should have known about. Defendants further failed to instruct the plaintiff and other employees relative to any available safety equipment. There further existed such other defects, faults, hazards and unseaworthy conditions on the vessel so as to contribute to plaintiff's injuries, as evidence shall reveal.

30. The defendants were also in violation of rules and regulations set forth in section 5(a)(1) of the Occupational Safety and Health Act, often referred to as the General Duty Clause, requiring employers to furnish to each employee employment, and a place of employment, free from recognized hazards that will cause or are likely to cause death or serious physical harm to employees.

31. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

32. Plaintiff's injuries were caused by the carelessness, recklessness, and negligence of the defendants, their agents, servants, workmen and employees, jointly and severally, and by the unseaworthiness of the vessel as further stated herein.

33. Plaintiff was further damaged and aggrieved by the breach of the defendants' obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

34. Plaintiff's injuries, caused by the negligence, carelessness and recklessness of the defendants and by the unseaworthiness of the vessel as set forth herein, include but are not limited to lower back injuries and/or aggravations and/or exacerbations of pre-existing conditions; he sustained other internal injuries, the full extent of which are not yet known; he sustained severe injuries and shock; he has in the past required and will in the future require medical treatment, care and attention including but not limited to several lumbar epidural steroid injections with fluoroscopy; several lumbar facet joint injections with fluoroscopy at L4-L5; he has been recommended possible surgery including but not limited to nerve

ablation in the lumbar spine; he has in the past been and will in the future be obliged to expend monies for medical care, equipment and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; and has in the past, and will in the future, suffer a loss of earnings.

35. By reason of the foregoing, plaintiff claims compensatory damages for lost wages and benefits, past, present and future pain and suffering, other pecuniary losses including but not limited to expenses related to medical treatment, and other associated monetary losses as discovery may show in an amount to be determined by the trier of fact, and greater than all jurisdictional limits.

**WHEREFORE**, plaintiff prays that judgment be entered against the defendants, and, that this Honorable Court enter judgment for plaintiff as aforesaid together, with interest, costs and counsel fees, and for compensatory damages in an amount found by the trier of fact, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: Raritan, New Jersey  
       June 9, 2021

HOFMANN & SCHWEITZER  
*Attorneys for Plaintiff*

Dario Anthony Chinigo (0298)  
1130 Route 202 South, Suite A7  
Raritan, NJ 08869  
Tel: 908-393-5662